IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Case No.  18-CR-00074-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FRANK STEVEN WIETECHA, JR.,

      Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on March 2, 2018.  The court has taken judicial notice of the court's file and the pretrial services report.  In addition, the court has considered the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Receipt of Child Pornography in violation of 18 U.S.C. § 2250(a)(2)(A) and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2).

Second, based upon the Indictment, I find probable cause exists as to the above listed charges.

Third, I find the nature of the charges in this case involves the receipt and possession of child pornography.  The rebuttable presumption of detention applies based upon the charges listed above pursuant to 18 U.S.C. § 3142(e)(3) and (f). Defendant has not rebutted such presumption.

Fourth, I find that the weight of the evidence against the defendant is substantial. Defendant has been living in a pop-up camper for the past year and a half.  Defendant has self reported that he is taking medication for depression and insomnia but he doesn't recall the names of such medications.  Defendant was previously diagnosed with ADD in 2001 or 2002. Defendant has used at least one alias social security number in the past.  Defendant's Colorado driver's license is expired as of August 11, 2016. Defendant has suffered 11 prior failures to appear.  Defendant has had at least six terms of probation revoked; one deferred judgment and sentence revoked; and warrants issues for failures to comply with court orders and/or probation on at least three occasions.

Fifth, I find that defendant has suffered criminal convictions for First Degree Criminal Trespass (felony- two separate convictions); Theft (misd - two separate convictions); Theft $400-$15,000 (felony - 2 separate convictions); Compulsory Insurance (4 separate convictions); DUR (misd); Use of Vehicle Without Registration; Permit Unauthorized Minor to Drive; Driving While License Expired Less Than 1 year; Driving Without a Valid License (misd - 2 separate convictions); Driving Under Financial Responsibility Act Suspension (misd); Harassment-Telephone Threat/Obscenity (misd); Domestic Violence (misd); Aggravated Motor Vehicle Theft $500-$15,000 (felony);

Sexual Exploitation of Child- Possession of Material (felony); Unlawful Use of Schedule II Controlled Substance (felony); Possession of a Schedule II Controlled Substance 1 Gram or Less (felony); Attempted Escape from Felony Pending (felony); Possession of a Schedule 3,4 & 5 Controlled Substance (felony); Attempted Violation of Civil Protection Order Domestic Violence (misd); Violation of Civil Protection Order Domestic Violence (misd); and Sex Offender Registration (misd).  On August 27, 2015, a permanent protection order was granted prohibiting the defendant from having any form of contact with Codi Hott in Jefferson County Court, Case No. 2015C1466.  This protective order is entered on NCIC. Defendant has committed new crimes while on court ordered supervision on multiple occasions.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release  will  reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 2nd day of March 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge